IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RANDALL CRAIG JONES                                                                              PLAINTIFF

V.                              CIVIL ACTION NO. 2:15-CV-02205-MEF

CAROLYN W. COLVIN, Commissioner,
Social Security Administration                                                                   DEFENDANT

## FINAL JUDGMENT

This cause is before the Court on the Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying her claim for disability benefits.  The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c). The Court, having reviewed the administrative record, the briefs of the parties, the applicable law, and having heard oral argument, finds as follows, to-wit:

Consistent with the Court's ruling from the bench following the parties' oral argument, the decision of the Commissioner of Social Security is reversed and remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

Of concern to the Court in this case is an aspect of development of the record related to the ALJ's determination of Plaintiff's residual functional capacity.  The Court finds that the matter must be remanded for further development of the record with regard to functional limitations resulting from Plaintiff's carpal tunnel syndrome.  The ALJ ordered a neurological consultative examination to assist with his residual functional capacity determination.  However, a residual functional capacity assessment was not provided by the consultative examiner, Dr. Oberlander, and the Court finds the ALJ should have requested an assessment outlining the Plaintiff's restrictions or limitations associated with carpal tunnel syndrome.  Accordingly, the matter must

be remanded to allow the ALJ to obtain a residual functional capacity assessment from Dr. Oberlander in order to document the limitations imposed by Plaintiff's carpal tunnel syndrome.

Further, the Court is concerned about the failure to incorporate any limitations in the ALJ's residual functional capacity determination related to the Plaintiff's colostomy surgery and use of a colostomy bag.  Evidence was presented of the Plaintiff's need to tend to the bag by irrigating it three times a day with one irrigation occurring during the work day.  The evidence shows that there will also be times when Plaintiff will have to attend to and empty the colostomy bag, and this may require unscheduled breaks.  The ALJ has a duty to fully develop the record regarding the claimant's impairments.  *See Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004).  That duty may include seeking clarification from treating physicians if a crucial issue is undeveloped or underdeveloped.  *Id.*  The Court finds remand is necessary with regard to the issue of the colostomy bag, and an opinion from the Plaintiff's treating physician for this impairment, Dr. Mizell, is needed.  The ALJ is directed to contact Dr. Mizell and request a residual functional capacity assessment addressing any limitations the Plaintiff may have in the work setting due to this impairment.

Because the Court is remanding on the issues of development of the record and residual functional capacity, the Court does not address the other issues raised on appeal.  Accordingly, remand is necessary to allow the ALJ to obtain the recommended opinions from the examining and treating physicians, and to reconsider the opinion evidence and residual functional capacity determination.

IT IS SO ORDERED AND ADJUDGED on this the 18th day of October, 2016.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE